HENRY S. BOWEN AND CAROLINE P. BOWEN, HIS WIFE, v. ROL-
LIN AMSDEN.

*Husband and Wife. Sale. Change of Possession.*

Husband and wife lived upon a farm owned by the wife, which the husband managed
and carried on in the exercise of his marital rights. The husband owned and kept
thereon certain personal property which he used in carrying on the farm. Being
upon the eve of failure, he sold said property to his brother in part payment of a
debt he owed him, with the understanding that his brother should then and there
transfer the same to the wife at the same price he allowed for it, to be paid with
her money, which was done accordingly, and the property formally delivered to the
wife. At the time of this transaction, the property was taken from its place of stor-
age on the farm, into the farm-yard, for examination, and after the sale and deliv-
ery to the wife, was put back, and continued to remain on the farm and be used by
the husband as before. *Held*, that there was not a sufficient change of possession,
to protect the property from attachment by the husband's creditors.

REPLEVIN for divers wagons, sleighs, carts, harnesses, and farm
implements, including a safe and platform scales. Plea, not
guilty, and avowry of the taking by the defendant as deputy
sheriff, on the 22d of May, 1872, by virtue of a writ of execution
against the said Henry. Trial by the court, May term, 1874.
It was shown that the plaintiffs were, and for many years had been,
husband and wife, living together, and for twenty and more years,
and still, residing in Weathersfield in this state, on a farm and
homestead belonging to the wife ; that said property had been
occupied, managed, and carried on by the husband in the usual
manner and course of such a homestead ; that down to and on
April 13, 1871, the husband owned the personal property re-
plevied, except the safe and platform scales, and that the same
had been kept and used by him on and about the premises in the
usual course of using such property in carrying on and occupying
such a homestead ; that on said 13th of April, the husband
having become embarrassed in business and on the point of fail-
ure, and being indebted to his brother Otis, a merchant in Bos-
ton, in more than $1000, for the purpose of paying him something
on said indebtedness, in preference to having said personal prop-
erty attached by other creditors, bargained and sold the same,

and some other articles, in all amounting to $314, to said Otis, at prices agreed, and gave him a bill of sale thereof with payment receipted, the said Otis applying the amount as payment *pro tanto* on said indebtedness. At the time of this transaction, the articles of property were brought out of the places of storage into the open yards of said premises, so that they could be seen and examined, and formally delivered to the said Otis. When this transaction was entered upon and consummated, it was understood by the parties and Mrs. Bowen, that said Otis was then to execute a bill of sale of said property to Mrs. Bowen, for the same prices and amount allowed by him for the same to her husband, which was to be paid by her of her own money to him, and it was then and there so done. Whereupon said Otis, without any removal of the property, formally delivered it to Mrs. Bowen. Thereupon the various articles were put back to the places from which they had been brought, and were thereafter kept and used on the premises in the carrying on and occupation thereof, in the same manner as before said transaction, and down to the time of their being taken by the defendant as set forth in the avowry. After said transactions of sale, some persons in the neighborhood had information and understood that Mrs. Bowen had bought and become the owner of said property. It appeared that the possession, occupancy, management, carrying on, and enjoyment of said homestead property by the said Henry, had ever been and still was in the exercise of his marital rights as husband of his said wife. It appeared that said scales and safe had once been owned by said Henry, but that he had sold them in April, 1871, to Mr. Pierce, who was occupying a store belonging to Mrs. Bowen, under a lease from her, dated April 14, 1871, and was using said articles in said store down to the 4th day of April, 1872, when he sold them and some other articles to Mrs. Bowen, and gave her a bill of sale of them, with payment receipted ; that said safe and scales were in said store, then in the occupancy of said Pierce as aforesaid, at the time of said sale thereof to Mrs. Bowen, said safe remaining and being there at the time of said attachment by the defendant. Said scales, before said attachment, had been taken from said store to the house of Mrs. Bowen, and were used in the

kitchen store-room in the usual course of housekeeping, till a day or two before the attachment, at which time they had been carried to the barn to weigh some grain, and had remained there till they were attached as aforesaid.

The court found and adjudged that there was a sufficient change of possession to vest a valid title in said Pierce to said safe and scales as against the creditors of said Henry, and that upon the foregoing facts, Mrs. Bowen held them by a title equally valid as against her husband's creditors. The court therefore found that said safe and scales were unlawfully taken and detained by the defendant, and rendered judgment for the plaintiffs therefor, and for 10 cents damages ; and also found and adjudged that the defendant was entitled to a return of all of the other articles replevied, and render judgment therefor accordingly, and for 10 cents damages for the taking thereof by replevin. Exceptions by the plaintiff.

*Charles P. Marsh,* for the plaintiffs.

As the property was situated, any one interested to know who owned the property, could at once have ascertanied on inquiry. It was in no way commingled with any property of the husband, for he had none there of any kind. The legal presumption would be, that the owner of the farm would be the owner of the personal property thereon, and necessary to carry it on, especially if the owner lived upon it. If the defendant did not know when he took this property, whose it was, or if he was in any way uncertain as to its ownership, he should have instituted such reasonable inquiry as would at once have satisfied him as to the true ownership of it. *Stephenson* v. *Clark et al.* 20 Vt. 624. As the property was situated, it was the duty of the defendant to have instituted proper inquiry, to ascertain the ownership ; and if he had done so, he would have ascertained at once. *Richardson* v. *Wait,* 39 Vt. 535. The doctrine of joint possession does not apply in this case. The wife is to suffer no detriment from the fact that her husband labors on her farm, using her own implements of husbandry to carry it on. In one sense, he is her agent, and his possession is her possession. *Howard, admr.* v. *Savings Bank,* 40 Vt. 597, 602.

If a person owns a farm, and has owned it for years, and resides upon it, the personal property he may buy, if upon the farm when he bought it, becomes his as against all the world, and no other change in the possession is necessary. The only question in such a case is, was the sale in fact *bona fide*, and upon sufficient consideration. *Wilson* v. *Hooper et al.* 12 Vt. 653; *Burrows* v. *Stebbins & Kenney*, 26 Vt 659; *Rothchild* v. *Rowe*, 44 Vt. 389. The wife's right to her personal property, if it is in good faith hers, will be protected and respected by the courts, as against the husband and against his creditors. *Barron* v. *Barron et al.* 24 Vt. 375; *Richardson, admr.* v. *Estate of Merrill et al.* 32 Vt. 28; *Child* v. *Pearl*, 43 Vt. 224.

*W. M. Pingry*, and *A. P. Hunton*, for the defendant.

Bowen possessed and carried on the premises " in the exercise of his marital rights," and the possession was his alone. *Holton* v. *Whitney*, 28 Vt. 448. There was no such change of possession as the law requires; and therefore the property was subject to attachment. *Mott* v. *McNiel*, 1 Aik. 162; *Emerson et als.* v. *Hyde*, 8 Vt. 352; *Kimball* v. *Samson*, 12 Vt. 515; *Stiles* v. *Shumway*, 16 Vt. 435; *Flanagan* v. *Wood et al.* 33 Vt. 332; *Rothchild* v. *Rowe*, 44 Vt. 389; *Wright* v. *Vaughn*, 45 Vt. 369.

The opinion of the court was delivered by

PIERPOINT, Ch. J.   The only question here involved is, whether there was such a change of possession of the property in question at the time it was transferred by Henry S. Bowen to his brother Otis E. Bowen, and by the said Otis to Caroline P. Bowen, the wife of Henry S., as to prevent its being legally attached by the creditors of Henry S. as his property. No question is made in this court as to the scales and safe. As to the other property, it appears that up to the time of said transfers, Henry S. was the owner of it; that the farm on which the plaintiffs lived, was owned by the female plaintiff; and that she and her husband had lived thereon for many years, and still live thereon; that both before and after the said transfer, the said husband occupied, managed, and carried on the said farm in the usual manner and

course of carrying on a homestead ; that he did, and is still doing, this in the exercise of his marital rights, as the husband of his said wife ; that in carrying on and occupying said farm, he used and kept said personal property in the usual course of using such property in carrying on and occupying such a farm and homestead. At the time of the transfer, it was not taken off the premises, but brought together for inspection, and after the transfer, was returned to its accustomed places, and the said Henry S. continued to use and control it as before.    There was no change in the possession or occupation of the farm, but all remained as before. While the property was in this situation, it was attached by the defendant.

It is claimed on the part of the plaintiffs, that as the wife was the owner of the farm, and was living thereon with her husband, that she was in possession of the farm, and that after she bought the property in question, it was in her possession, and not in the possession of the husband.    We think this position is not sound. The case finds that the husband was in possession of the farm in the exercise of his marital rights.    That the husband is entitled to the possession and occupancy of his wife's real estate, is too well settled to be questioned.    This is one of his marital rights ; and while in possession in the exercise of such rights, that possession, so far as it bears upon a question like the present, is the sole and exclusive possession of the husband ; and the personal property on the farm and in use by him, is in his possession ; so that after the transfer of the property in question to the wife, suffering it to remain on the farm, and to be used by him, was leaving it in his possession as it was before, subject to be attached by the creditors of the husband.

The doctrine of possession as between the husband and wife, of the real estate of the wife, was fully recognized by this court in *Holton* v. *Whitney*, 28 Vt. 448.    We find no error in the decision of the county court.

Judgment affirmed.