## PLAISTED *v.* HOLMES.

If the vendor, in the sale of a horse, retain the sole or a concurrent possession of it after the sale, it is a secret trust, which being shown, fraud is an inference of law that the court is bound to pronounce; and it is not a sufficient explanation of such possession that the vendee, some two weeks after the sale, gave the vendor the right to use the horse if he would feed it.

TROVER, for a horse.   Plea, the general issue.   In 1869, the plaintiff was in the possession of a farm, taking its rents and profits ; and in the spring of that year, and in the spring of each of the two following years, rented the same to one Gray.   He furnished all the seed and the team, and had three fourths of the products.   The plaintiff

had one fourth of the products, the hay being spent on the farm. Both parties had stock, and Gray had a horse among his. All of the stock was kept on the farm, and the parties occupied the buildings in common. Gray sold his horse: and the plaintiff's evidence tended to prove that Gray purchased the horse in question, and on the same day sold it to the plaintiff for the price Gray gave, and one dollar for his day's work, and received all of his pay but $12; that, about two weeks after the sale, the plaintiff agreed that Gray might use the horse if he would feed it; that the horse was kept on the farm, and both parties used it when they wished; that Gray did not carry on the farm after October of the third year, but the parties continued to live on it, and occupy the buildings as before. The horse was attached, as Gray's property, in December of the third year. The plaintiff mortgaged the horse as her property, and Gray mortgaged it as his property, after the alleged sale. It did not appear that any delivery or change in the place or manner of keeping the horse accompanied the sale. Subject to exception, the court refused to order a verdict for the defendant. Verdict for the plaintiff.

*Twitchell & Evans* and *Fletcher & Fletcher*, for the plaintiff.

*Ray, Drew & Jordan* and *H. Heywood*, for the defendant.

BINGHAM, J. The suit is between a creditor of Gray and his alleged vendee, and the question is raised upon the refusal of the court to order a verdict for the defendant, on the facts stated in the case.

A secret trust, reserved to the vendor in a sale of goods, will render it fraudulent and void as to creditors, and it is immaterial whether the trust is express or implied. The retention of the possession of goods by the vendor after a sale is a secret trust; and this being shown, fraud is an inference of law that the court is bound to pronounce. *Coolidge* v. *Melvin*, 42 N. H. 510; *Shaw* v. *Thompson*, 43 N. H. 130; *Coburn* v. *Pickering*, 3 N. H. 415, 428; *Lang* v. *Stockwell*, 55 N. H. 561; *Cutting* v. *Jackson*, 56 N. H. 253; *Paul* v. *Crooker*, 8 N. H. 288.

A concurrent possession of the vendor and vendee does not improve the case for the vendee. *Trask* v. *Bowers*, 4 N. H. 309; *Lang* v. *Stockwell*, before cited; *Sumner* v. *Dalton*, post, p. 295.

The facts that appear in the case are those that were not in dispute, or those that the plaintiff's evidence tended to prove, and we think that they do not show such an open, visible, substantial change of possession as the law requires, to make a valid sale as against creditors. *Clark* v. *Morse*, 10 N. H. 236; *French* v. *Hall*, 9 N. H. 145; *Bowen* v. *Amsden*, 47 Vt. 569. On the contrary, they show that Gray, after the sale, retained a joint or concurrent possession of the horse with the plaintiff, each using it when desired, and each mortgaging and claiming to own it. The leave of the plaintiff to Gray,

that he might use it for feeding, given some two weeks after the sale, furnishes no sufficient explanation of this possession.    A verdict should have been ordered for the defendant.

*Verdict set aside.*