PARKER *v.* MARVELL.

A vendor's possession, as evidence of a fraudulent sale, *held*, under the circumstances of the case, not to be satisfactorily explained.

REPLEVIN for a wagon. Facts found by a referee. The plaintiff bought the wagon of one Taylor, and paid for it January 23, 1877, but having no place to store it through the winter, he told Taylor that he could use it as he might have occasion if he would allow it to remain in his shed, to which Taylor assented. Sleighing disappeared soon after, and the plaintiff took the wagon and used it several days, during which time he offered it for sale. He then replaced it in Taylor's shed, in whose custody it was allowed to remain, to be used by him as his own, until May 27, 1878, when it was attached by the defendant, a deputy sheriff, as the property of Taylor. The sale was made in good faith, without intent to delay or defraud Taylor's creditors, and ⬛⬛⬛erstood that the plaintiff had the right at any time to ⬛ Taylor's custody and dispose of it as he chose.

*B*⬛*s*, for t⬛

*Wadleigh &* ⬛ *ace*, for the defendant.

BINGAM, J. The arrangement was a secret t⬛ lent by inference of law. *Coburn* v. *Pickering*, *Sh*⬛*mpson*, 43 N. H. 130; *Coolidge* v. *Me*⬛ 51⬛*tockwell*, 55 N. H. 561; *Cutting* v. *Jackson*, 56 N.⬛ 2⬛. *Holmes*, 58 N. H. 293; *Flagg* v. *Pierce*, 58 N.⬛ 34⬛s no satisfactory explanation of the vendor's possession, ⬛e was in *Towne* v. *Rice*, 59 N. H. 412, and *French* v. *Hall*, ⬛ H. 137. The wagon was used by the vendor for more than a year, and from ordinary observation a neighbor or creditor would have supposed it to be the vendor's property.

*Judgment for the plaintiff.*

ALLEN, J., did not sit: the others concurred.