SANBORN v. PUTNAM & a.

The retention of goods by the vendor after a sale, unless explained by facts which tend to give it notoriety, is conclusive evidence of fraud which avoids the sale as against the vendor's creditors.

TROVER on a sheriff's receipt. Defence, title in one of the defendants. The plaintiff attached the goods described in the receipt as the property of Ray, and the creditors obtaining judgment, executions were issued, and the goods demanded and refused. Ray had been a tailor and a dealer in clothing and furnishing goods, and the defendant Putnam, his sister, had worked for him in his shop. Before the attachment Ray sold the goods and fixtures in the store to Putnam in payment of a debt due. Putnam took possession of the goods and control of the store, and for several days after the sale was there looking after the business. Ray worked for her, doing the same work as he had done before the sale, the business was carried on in the same way, and there was no visible change of possession. In explanation of the want of change of possession, the defendants offered to prove that Ray was not employed by the defendant for fifteen days after the sale; there was no other suitable room in the village that the defendant could hire for a shop or store; there was no secresy nor actual fraud in the sale, but it was in good faith made by both parties, and Ray's creditors, for whom the attachments were made, then knew that Putnam claimed to own the property by purchase from her brother. The court excluded the evidence as affording no satisfactory explanation of a want of change of possession, and the defendants excepted. Subject to the exception, a verdict was taken for the plaintiff.

*Fling & Chase*, for the defendants.

*Barnard & Barnard* and *K. E. Dearborn*, for the plaintiff.

ALLEN, J. There was no evidence of an open, visible change of possession of the property; and in a sale of chattels, retention of possession by the vendor, unless satisfactorily explained, is conclusive evidence of a secret trust and of fraud which defeats the sale as against the vendor's creditors. *Lang* v. *Stockwell*, 55 N. H. 561; *Cutting* v. *Jackson*, 56 N. H. 253; *Plaisted* v. *Holmes*, 58 N. H. 294; *Sumner* v. *Dalton*, 58 N. H. 295; *Parker* v. *Marvell*, 60 N. H. 30. In the evidence offered to explain the want of a change of possession, and excluded as affording no satisfactory explanation, there was nothing tending to show such a publicity in the sale as would naturally give it notoriety. *Cutting* v. *Jackson*, *supra*, 255. The exceptions are overruled, and there is

*Judgment on the verdict.*

STANLEY, J., did not sit: the others concurred.