### JANELLE *v.* DENONCOUR.

A purchaser of brick who records his bill of sale with the town clerk, obtains permission to leave the property *in situ* from one not the owner of the premises, and causes the kiln to be covered, does not thereby acquire such visible and notorious possession as to constitute a good delivery as against the creditors of the vendor.

TROVER, for a kiln of brick, attached by the defendant as deputy sheriff upon writs against one Morrell on November 26, 1892, and subsequently sold upon executions issued in the actions. Trial by jury. Verdict for the plaintiff. At the close of the evidence the defendant moved that a verdict be directed for him. The motion was denied, and the defendant excepted.

November 21, 1892, the plaintiff purchased of Morrell for $1,375, " all the hard brick in the kiln situate in the brick-yard in said Plaistow, known as the Janelle brick-yard, now occupied by me," and took a bill of sale containing the words quoted and a statement that Morrell put him in possession of· the property by delivering to him " this deed in the name of the whole." The plaintiff caused the bill of sale to be recorded in the office of the town clerk of Plaistow on the day of its date. The trade was not made at the yard where the kiln was, and the plaintiff did not go to the kiln after his purchase prior to the attachment; but his servant, by his direction, put a covering over the kiln during the intervening time. At the time of the purchase, the plaintiff obtained permission of Morrell's wife to have the kiln remain in the yard until he disposed of it. The yard formerly belonged to Mrs. Morrell's father, who by will gave to Morrell

VOL. LXVIII.   2

the right to use and occupy the same during his life, and to Morrell's wife the residue of his estate.

There was no delivery of the property except that made by the delivery of the bill of sale; and the only actual possession the plaintiff had of the brick after his purchase and before the attachment was such as he acquired by delivery of the bill of sale, by causing the kiln to be covered, and by getting the permission above stated from Mrs. Morrell. The sale to the plaintiff was without fraud, in fact, or any secret trust.

*Drury & Peaslee* and *Thomas Leavitt*, for the plaintiff.

*Eastman, Young & O'Neill*, for the defendant.

SMITH, J. The question is whether there was such change of possession as is required to constitute a good delivery as against the vendor's creditors.

The acts indicating change of ownership relied on by the plaintiff are the recording of the bill of sale in the office of the town clerk on the day of its date, permission by Mrs. Morrell that the kiln might remain in the yard until disposed of, and the putting of a covering over the kiln by the plaintiff's servant, by his direction, prior to the attachment.

The bill of sale not being an instrument required by law to be recorded, the record was not notice to creditors of the sale.

Mrs. Morrell having no estate in the brick-yard during the life of her husband, and no possession or right of possession, her permission to the plaintiff to occupy it was of no more effect than that of any stranger to the title. Morrell was tenant for life of the brick-yard, remainder in his wife. The bricks were manufactured in the yard, and were in the kiln when sold to the plaintiff. His act in permitting them to remain on the land of the vendor after a reasonable time for removing them, without the exercise of visible acts of ownership, was a leaving of them in the vendor's possession.

There remains the fact that the plaintiff, by his servant, after his purchase and before the attachment, put a covering over the kiln. This was the only act of open, visible ownership exercised by the plaintiff. The trade was not made at the yard, and the plaintiff did not personally go to the kiln before the attachment. It is manifest there was no such visible and notorious change of possession as would amount to notice to creditors of a change in ownership.

*Judgment for the defendant.*

CHASE, J., did not sit; CARPENTER J., dissented: the others concurred.