Grafton,    ⎫
Dec., 1900.  ⎭

## HARRINGTON *v.* BLANCHARD.

A purchaser of a stock of goods who closes the store for the purpose of taking an inventory, publishes notice of the sale in a local newspaper, and permits the property to remain under the control of the vendor, does not thereby acquire such visible and notorious possession as to render the sale valid against the latter's creditors.

TROVER, for goods described in a sheriff's receipt. Facts found by a referee. March 19, 1898, the plaintiff attached the goods as the property of one Moulton, and on May 11 judgment was rendered in favor of the attaching creditor. The defendant pleaded title in himself. Prior to February 28, 1898, Moulton was engaged in trade and in cobbling in a store in Ashland. On that date, in good faith and for an adequate consideration, he sold his stock in trade to the defendant. The store was closed long enough to take an inventory of the stock. Moulton was employed to sell the stock for the defendant upon commission. There was no manual delivery of the stock; but the key to the store was delivered to the defendant. After the sale, Moulton continued to occupy the store and sell the goods as before. The signs over the door, with Moulton's name and business printed upon them, were allowed to remain. A notice of the sale was published in a paper circulated in Ashland and vicinity three weeks successively, commencing with the last of February, 1898.

*Burleigh & Adams* and *James L. Wilson*, for the plaintiff.

*Frank M. Beckford* and *Alvin F. Wentworth*, for the defendant.

PIKE, J. To render the sale valid as against Moulton's creditors there should have been "an open, visible change of possession" of the goods. *Lang* v. *Stockwell*, 55 N. H. 561, 565; *Plaisted* v. *Holmes*, 58 N. H. 293, 294; *Parker* v. *Marvell*, 60 N. H. 30; *Sanborn* v. *Putnam*, 61 N. H. 506, 507. No such change resulted from the delivery of the key to the defendant, or the taking of the inventory. *Smith* v. *Moore*, 11 N. H. 55, 65. Save that he was acting in the capacity of agent, Moulton exercised precisely the same control over the goods after the sale as before. In fact, it appears that it was arranged between the defendant and himself that the goods should be left in his actual possession to sell upon commission. The signs upon the place of business indicated that the character of the possession was not changed. There is no

statute which makes the publication of a notice of the sale in a. newspaper equivalent to a change of possession. Such a publication resembles an unauthorized record of a bill of sale in the town records, which has been held to be ineffective. *Janelle* v. *Denoncour*, 68 N. H. 1. At most it would only give notice of an alleged sale. It would afford no explanation of Moulton's continued possession. It certainly could be no more effective in that direction than would be knowledge by the attaching creditor that the plaintiff claimed to own the goods by purchase from Moulton. *Sanborn* v. *Putnam*, 61 N. H. 506. Moulton's retention of possession without satisfactory explanation was, as against attaching creditors, conclusive evidence of fraud. The plaintiff is entitled to judgment.

*Case discharged.*

BLODGETT, C. J., did not sit: the others concurred.